O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

507

CIVIL MINUTES - GENERAL

| Case No. | CV 05-3444 PSG (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | Televisa, S.A. de C.V., et al. v. Univision Communications, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

Not Present                                                    Not Present

**Proceedings:**     (In Chambers) Order Granting Motion to Quash Trial Subpoenas

    Before this Court is Defendant's Motion to Quash Trial Subpoenas served on Adam Chesnoff, Neil Nagano, and Zachary Horowitz. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendant's Motion.

I.     BACKGROUND

    On May 19, 2008, Televisa S.A. de C.V. ("Televisa") served trial subpoenas on Adam Chesnoff and Neil Nagano, and on May 23, 2008 it served a trial subpoena on Zachary Horowitz. Defendant, Univision Communications, Inc. ("Univision"), identifies Adam Chesnoff as President of Saban Capital Group, while Televisa identifies him as an employee of Univision's current chairman. Zachary Horowitz and Neil Nagano are both at Universal Music Group ("UMG"); their positions within the company are not identified. The subpoenas compel trial testimony and document production. On March 12, 2008, the Court denied an *ex parte* application by Televisa to reopen discovery to depose Chesnoff, Horowitz, and Nagano and to compel the production of the documents identified in the trial subpoenas. On September 8, 2008, Univision filed a motion to quash the aforementioned trial subpoenas or, in the alternative, for a protective order.

    Televisa seeks to elicit testimony from the three witnesses regarding the sale of Univision Music Group, a subsidiary of Univision, to UMG. Univision requests the court to quash the subpoenas on the grounds that: (1) the subpoenas seek irrelevant evidence; and (2) they

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**507**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3444 PSG (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | Televisa, S.A. de C.V., et al. v. Univision Communications, Inc. | | |

constitute an untimely discovery attempt. The subpoenas compel the witnesses to produce the contract for UMG's purchase of Univision, drafts of that agreement, and related notes which describe the advertising deal between UMG and Univision.

Televisa argues that Univision lacks standing to bring a motion to quash subpoenas served on third parties who are not agents of Univision, since privileged material is not sought. It also contends that the evidence in the requested documents is relevant as to whether Univision's failure to value its divisional advertising was a breach of the PLA and to the value of such advertising. Finally, Televisa claims that it did not learn of the necessity of Chesnoff, Horowitz, and Nagano until long after the discovery cut-off; thus, a trial subpoena is proper and does not constitute improper additional discovery.

II.     LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure allows a party to move to quash a subpoena if it subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). However, a party has standing to move to quash a subpoena only if it alleges that the information sought is privileged or the subpoena subjects the moving party to undue burden. *See Finley v. Pulcrano*, No. C08-0248, 2008 WL 4500862, at *1 (N.D. Cal. Oct. 6, 2008); *In re REMEC, Inc.*, No. 04CV1948, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008); *Robertson v. Qadri*, C06-04624, 2007 WL 2221075, at *1 (N.D. Cal Aug. 2, 2007). Otherwise put, a party may not quash a subpoena served upon a non-party on any grounds other than privilege. *See In re REMEC, Inc.*, 2008 WL 2282647 at *1.

Under the Federal Rules of Civil Procedure, in order to quash the subpoena, the moving party has to prove that it is unduly burdensome. Fed. R. Civ. P. 45(c)(3)(A)(iv); *Green v. Baca*, 226 F.R.D. 624, 653-54 (C.D. Cal 2005). To determine whether a subpoena constitutes an undue burden, courts balance six factors: (1) the relevance of the information requested; (2) the need of the party for production; (3) the breadth of the request for production; (4) the time period covered by the subpoena; (5) the particularity with which the subpoena describes the requested production; and (6) the burden imposed. Moore's Federal Practice § 45.32 (3d ed. 2008); s*ee also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quoting *Travelers Indem. Co. v. Metro. Life Insur. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)).

III.    DISCUSSION

        A.      Standing to Quash Subpoena

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**507**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3444 PSG (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | Televisa, S.A. de C.V., et al. v. Univision Communications, Inc. | | |

    Televisa claims that Univision does not have standing to bring a motion to quash the subpoenas on behalf of the non-parties. *Opp*. 5:5. A party cannot move to quash a subpoena unless it is the party that is being subpoenaed or the information is privileged. *In re REMEC, Inc.*, 2008 WL 2282647 at *1. While Televisa claims the three subpoenaed parties are not employed by Univision, Chesnoff is a member of Univision's board of directors. *Reply* 7:6. Nagano and Horowitz both asked Univision's attorneys at Munger, Tolles, & Olson LLP to quash the subpoena on their behalf. *Horowitz Decl.* ¶ 4, *Nagano Decl,* ¶ 4. Because Univision is acting on behalf of the three witnesses, it has standing to move to quash the subpoenas.

    B.    <u>Standard to Quash Subpoena</u>

    Relevance is the first factor the Court considers in deciding if a subpoena is unduly burdensome. Univision argues that the information sought is irrelevant, while Televisa contends that it would provide proof as to the value of divisional advertising.

    The Court finds that the testimony and documents sought are irrelevant to the issues presented in this litigation. Televisa's argument for relevancy fails to distinguish between advertising sold to a third party and unsold advertising time used without charge by Univision subsidiaries. After Univision sold Disa and Fonovisa to UMG, they were no longer Univision subsidiaries. The value of the advertising *sold* to Universal as part of that deal is not probative of the value of advertising that was *unsold* and provided to Univision subsidiaries at no cost.

    Furthermore, the breadth of the request weighs strongly against Televisa. Televisa seeks *all* drafts and "notes taken and information exchanged within Univision and UMG which describe the advertising to be provided by Univision to UMG and what is being provided in exchange for that advertising." *Slaughter Decl.*, *Exs.* B, C, D. This is too extensive for a trial document subpoena.[1] *See, e.g., Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (holding that subpoenas that do not "tailor the information request to the immediate needs of the case" are too broad and may be quashed). Thus, the unnecessarily large breadth of the request supports a finding that the subpoena constitutes an undue burden.

---

    [1] Trial document subpoenas are held to a more stringent standard than discovery subpoenas. *See, e.g., Puritan Inv. Corp. v. ASLL Corp.*, No. Civ.A. 97-1580, 1997 WL 793569 (E.D. Pa. Dec. 9, 1997); *accord Integra Lifesciences I, Ltd. v. Merck KgaA*, 1990 F.R.D. 556 (S.D. Cal. 1999).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**507**

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-3444 PSG (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | Televisa, S.A. de C.V., et al. v. Univision Communications, Inc. | | |

The remaining factors, particularity and burden imposed, also support the motion to quash the subpoenas. Univision claims that "[r]esponding to the document portion of the subpoena would require a substantial collection effort and would constitute thousands of pages of documents." Thus, the burden is far from insignificant and, as discussed above, the documents are not demanded with any particularity. *See Slaughter Decl., Exs.* B, C, D. In sum, after considering the six factors, the Court finds that the trial subpoenas are unduly burdensome and should be quashed.

    D.    Protective Order

As an alternative to quashing the subpoenas, Univision moves for a protective order with respect to the documents only. *Mot.* 4:9-10. Because the Court has granted the motion to quash the trial subpoenas, the motion for a protective order is moot.

IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Quash the Subpoenas.

**IT IS SO ORDERED.**