O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-3444 PSG (MANx) | Date | April 2, 2009 |
|---|---|---|---|
| Title | Televisa, S.A. de C.V., et al. v. Univision Communications, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Televisa's Motion for the Admission of Expert Report and Deposition Testimony of Jeffrey Neuburger

Before this Court is Televisa's motion for the admission of the expert report and deposition testimony of Jeffrey Neuburger. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS the motion.

I.   Background

Jeffrey Neuburger was designated as the custom and usage expert for Televisa, S.A. de C.V. ("Televisa") in the instant litigation. Pursuant to Fed. R. Civ. P. 26(a)(2), Neuburger submitted his Expert Report on November 12, 2007. At the time, Neuburger was a partner and chair of the Technology, Media and Communications practice at the law firm Thelen Reid Brown Raysman & Steiner LLP ("Thelen"). On December 2, 2007, Neuburger was deposed by counsel for Univision.

On April 24, 2008, the news became public that Neuburger was leaving Thelen and joining a new firm, Proskauer Rose LLP ("Proskauer"). At the time that Neuburger joined Proskauer, the firm already represented Univision Communications, Inc. ("Univision") and continues to represent Univision today on matters relating to employee benefits. According to Televisa, on January 27, 2009, Robert Freeman, a former partner at Thelen who is now a partner at Proskauer along with Neuburger, contacted counsel for Televisa. Freeman indicated that Proskauer's legal ethics committee had reviewed this issue of Neuburger continuing to serve as an expert witness in this matter and concluded that there was no ethical problem with

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3444 PSG (MANx) | Date | April 2, 2009 |
|---|---|---|---|
| Title | Televisa, S.A. de C.V., et al. v. Univision Communications, Inc. | | |

Neuburger's continuing to do so. However, Freeman also advised Televisa's counsel that, as a business relations matter, the partner at Proskauer who was responsible for the Univision relationship—employee benefits partner Michael Sirkin—intended to make a courtesy call to Univision's Chief Executive Officer to advise him of the situation.

On January 30, 2009, Televisa was informed by Steven Krane, the chief ethics partner at Proskauer, that the firm believed that there was a conflict in Neuburger's serving as an expert witness for Televisa given the firm's ongoing relationship with Univision. Krane stated that Proskauer's initial conflicts check had failed to recognize this conflict, and that Univision objected to Neuburger testifying in this matter and refused to waive the conflict. Accordingly, Krane indicated, Neuburger would not be permitted to testify. Given Neuburger's "unavailability," Televisa now seeks the admission of Neuburger's deposition testimony and Expert Report.

II.     Discussion

     A.     Whether a Conflict Exists

Neuburger resides and works in New York and is not under subpoena. Accordingly, Televisa contends, he is "unavailable" within the meaning of Fed. R. Civ. P. 32 and Fed. R. Evid. 804(a), and therefore his deposition testimony should be admitted. Univision apparently does not contest that Neuburger is unavailable, but argues that an ethical conflict bars his deposition testimony. Televisa responds that no legal or ethical conflict exists.

There is limited amount of authority on ethical conflicts stemming from the engagement of an attorney as an expert witness. In a case similar to the one at bar, *Commonwealth Ins. Co. v. Stone Container Corp.*, Stone Container Corporation ("Stone") retained the firm Heller Ehrman White & McAuliffe, LLP ("Heller") to represent it in connection with a joint venture in China. 178 F. Supp. 2d 938, 943-44 (N.D. Ill. 2001). The partner responsible for the China deal was Stromberg, who worked out of the firm's Los Angeles office. *Id.* Subsequently, Aon Risk Services, Inc. ("Aon") asked Sugarman, a Heller partner working out of the firm's San Francisco office, to testify as an expert for Aon in a lawsuit against Stone. *Id.* Stone filed a motion to disqualify Sugarman from acting as Aon's expert witness on conflict-of-interest grounds.

First, the Court looked to the Model Rules of Professional Conduct and ABA Formal Opinion 97-407 and found that the engagement of a lawyer as an expert witness does not establish an attorney-client relationship. Thus, the Court determined, the Model Rules

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3444 PSG (MANx) | Date | April 2, 2009 |
|---|---|---|---|
| Title | Televisa, S.A. de C.V., et al. v. Univision Communications, Inc. | | |

governing conflicts of interest, by their express terms, did not apply to the situation at hand. *Id*. at 944. Nonetheless, looking to the "spirit" of the rules, the Court proceeded to evaluate whether Sugarman's testifying as an expert witness was ethically improper under the circumstances. It concluded that no actual conflict nor the appearance of impropriety existed. Heller's representation of Stone involved matters "far afield" from the Aon-Stone litigation; therefore, it was highly unlikely that Sugarman or the firm had learned any confidential information in connection with the China deal that could be used to Stone's detriment in the Aon litigation. The "likelihood of an actual conflict [was] rendered even more remote" by the fact that Sugarman and Heller's San Francisco office were not involved in the China deal. *Id*. at 948. Accordingly, the Court held that Stone was not entitled to the "drastic measure" of compelling Sugarman to withdraw as Aon's expert witness. *Id. Compare Am. Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton*, 96 Cal. App. 4th 1017, 1036-37, 117 Cal. Rptr. 2d 685 (2002) (attorney violated California Rules of Professional Conduct by accepting engagement as expert witness adverse to client when confidential information had been obtained and an actual conflict of interest "clearly arose"; court factually distinguished *Commonwealth*); *Plumley v. Doug Mockett & Co., Inc.*, CV 04-2868, 2008 WL 5382269, *3-4 (C.D. Cal. Dec. 22, 2008) (attorney disqualified as expert witness for defendant where matter not "far afield" from his firm's prior representation of plaintiff in litigation against defendant and, in fact, was "substantially related"); *N. Pacifica, LLC v. City of Pacifica*, 335 F. Supp. 2d 1045, 1049-50 (N.D. Cal. 2004) (firm's prior work on behalf of plaintiff's predecessor-in-interest on same development permit at issue in the litigation disqualified attorneys from acting as expert witnesses for defendant).

In the instant case, Proskauer's representation of Univision, although ongoing, involves employee benefit matters that are "far afield" from the instant contractual dispute over Internet licensing. Furthermore, the facts militating against finding a conflict here are arguably even stronger than those in *Commonwealth*: unlike the attorney retained as an expert witness in *Commonwealth*, Neuburger did *not* undertake his expert witness assignment at a time when his law firm already had an attorney-client relationship with the litigation adversary. Neuburger joined Proskauer long after he was engaged by Televisa as an expert witness, prepared his Expert Report, and was deposed by Univision. Thus, there is not even a possibility that Neuburger was privy to any confidential information that might be used to Univision's detriment at the time when he was deposed and prepared his Expert Report. *See Commonwealth*, 178 F. Supp. 2d at 948-49 (because matters were "completely unrelated," likelihood that attorney-expert had learned any information that could be used to adverse party's disadvantage was "extremely remote"); *see also N. Pacifica*, 335 F. Supp. 2d at 1051 (central concern is whether attorney-expert has unfairly obtained confidential information about opposing party). Additionally, Univision does not contend that Neuburger has worked on any matters on its

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3444 PSG (MANx) | Date | April 2, 2009 |
|---|---|---|---|
| Title | Televisa, S.A. de C.V., et al. v. Univision Communications, Inc. | | |

behalf since joining Proskauer. Since the likelihood of an actual conflict arising is virtually nil, Neuburger's testimony as an expert witness is not ethically barred.[1]

    B.    <u>Admissibility of Deposition Testimony</u>

Federal Rule of Civil Procedure 32(a)(4)(b) provides that "[a] party may use for any purpose the deposition of a witness . . . if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial." Neuburger lives and works in New York. Furthermore, Univision was represented by counsel during Neuburger's deposition and had a full and fair opportunity to cross-examine him. *See* Fed. R. Civ. P. 32(a)(1) (a deposition may be used against a party at trial when it was present at the deposition). Accordingly, Neuburger's deposition testimony is admissible under Fed. R. Civ. P. 32.

The introduction of Neuburger's deposition at trial is also proper under Fed. R. Evid. 804(b)(1), which provides a hearsay exception for deposition testimony given by an unavailable witness if the adverse party "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1); *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1019 (9th Cir. 2004). Clearly, these requirements are satisfied here, and Univision does not contend otherwise.

    C.    <u>Admissibility of Expert Report</u>

Televisa argues that Neuburger's Expert Report is admissible under Fed. R. Evid. 807, which provides a residual exception for statements not covered by any of the enumerated exceptions to the hearsay rules, so long as the statement has "equivalent circumstantial guarantees of trustworthiness." The Court must also determine that: (1) the statement is offered as evidence of a material fact; (2) the statement is more probative on the point for which it is offered that any other evidence which the proponent can procure through reasonable efforts; and (3) the general purposes of these rules and the interests of justice will be served by admission of the statement. Fed. R. Evid. 807.

---

[1] Many courts have observed that motions to disqualify are subject to abuse. For this reason, the Ninth Circuit has cautioned that disqualification motions should be subjected to "particularly strict judicial scrutiny." *See Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F2d 1045, 1050 (9th Cir. 1985).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3444 PSG (MANx) | Date | April 2, 2009 |
|---|---|---|---|
| Title | Televisa, S.A. de C.V., et al. v. Univision Communications, Inc. | | |

  Neither party has pointed to a case where a court admitted (or refused to admit) an expert report under the residual hearsay exception, nor has the Court found any authority directly on point through its own research. The Supreme Court has explained that hearsay exceptions exist because in some situations, the surrounding circumstances provide sufficient guarantees of accuracy and truthfulness, rendering the need for cross-examination at trial superfluous. *Idaho v. Wright*, 497 U.S. 805, 820, 110 S. Ct. 3139, 111 L. Ed. 2d 638 (1990). Here, the Expert Report consists of Neuburger's opinions. Since the item in question is a report prepared by a designated expert witness, rather than a remark or statement, many of the classic hearsay risks, such as faulty perception, faulty memory, and faulty narration do not seem to be of concern here. *See* Joseph W. Cotchett, Federal Courtroom Evidence § 807.2.3 (Lexis 2008). Neuburger signed Exhibit 1050 and adopted it, during his deposition, as a true and correct copy of the Expert Report he submitted in this case. Furthermore, Univision questioned Neuburger extensively on his Report, including the documents he considered in reaching his opinions, the methodology and process he employed, and the ultimate substantive basis for those opinions. In light of Univision's prior opportunity to cross-examine Neuburger during his sworn deposition, there are sufficient guarantees of accuracy and truthfulness here, and the need to cross-examine Neuburger at trial regarding his credentials, methods, and the contents of the Report would probably be superfluous. *See, e.g., FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 609 (9th Cir. 1993) (unsworn statements contained in letters of complaint admissible under residual exception; testimony from letter-writers not likely to be any more reliable than the letters themselves); *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 462-63 (5th Cir. 1985) (sworn testimony at adversarial proceeding presents "equivalent guarantees of trustworthiness"); *Furtado v. Bishop*, 604 F.2d 80, 91 (1st Cir. 1979) (deceased attorney's affidavit admissible under residual exception because attorney appreciative of oath's significance).

  The remaining requirements of Fed. R. Evid. 807 are met here because (1) the Expert Report is probative of a material fact at issue in this case, namely the meaning of the contractual provisions of the PLA; (2) the Report is more probative than any other evidence Televisa can procure through reasonable efforts at this late stage in the game; and (3) it is in the interests of justice that Televisa be permitted to introduce the Report, given that its expert witness apparently withdrew, at the insistence of Univision, on the basis of a non-existent ethical conflict. Therefore, the Report is admissible under the residual hearsay exception.

III.  Conclusion

  For the foregoing reasons, Televisa's motion for the admission of Neuburger's deposition testimony and Expert Report is GRANTED. Accordingly, the hearing set for April 13, 2009 is

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-3444 PSG (MANx) | Date | April 2, 2009 |
|---|---|---|---|
| Title | Televisa, S.A. de C.V., et al. v. Univision Communications, Inc. | | |

VACATED.

**IT IS SO ORDERED.**